UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOSEPH ALEXANDER,<br><br>      *Plaintiff,*<br><br>  – against –<br><br>DAWN HILL-KEARSE, SERGIO JIMENEZ,<br><br>      *Defendants.* | **MEMORANDUM & ORDER**<br>26-cv-00867 (NCM) (PCG) |

**NATASHA C. MERLE**, United States District Judge:

On January 22, 2026, pro se plaintiff Joseph Alexander filed a complaint against defendants Dawn Hill-Kearse and Sergio Jimenez. *See generally* Compl., ECF No. 1. Plaintiff contemporaneously filed a motion to proceed in forma pauperis ("IFP"). *See* Mot. for Leave to Proceed IFP, ECF No. 2. Plaintiff's request to proceed IFP is granted for the limited purpose of this Order. For the reasons discussed below, the Court dismisses plaintiff's complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

## BACKGROUND

On January 22, 2026, pro se plaintiff Joseph Alexander filed a complaint against defendants Dawn Hill-Kearse and Sergio Jimenez in the United States District Court for the Middle District of Louisiana. *See* Compl. Soon after, the case was transferred to the United States District Court for the Eastern District of New York sua sponte on the basis that "[a] review of publicly available New York court directories and websites reflects that Sergio Jimenez is a judge in a New York court and Dawn Hill-Kearse is a clerk, both of

whom are located in Kings County (Brooklyn)." Order 1, ECF No. 3.[1] Following its transfer, the case was assigned to the undersigned.

The complaint contains only three sentences. *See* Compl. First, the complaint states that "[u]pon information and belief, [d]efendants conspired together and intentionally delayed the calendar of motions, in violation of due process." Compl. ¶ 1. Second, the complaint states that "[t]he basis for this court's jurisdiction is federal law." Compl. ¶ 2. Third and finally, the complaint states that "[p]laintiff demands compensation of $500,000." Compl. 1.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

obligated to construe a pro se complaint liberally"). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action if the court determines that the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that defendants have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Rubin v. N.Y.C. Bd. of Educ.,* No. 20-cv-10208, 2023 WL 2344731, at *2 (S.D.N.Y. Mar. 3, 2023) ("Rule 8 applies to all litigants, including those who are pro se.") (collecting cases). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. at 678. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

The Court must dismiss plaintiff's complaint because, even construed liberally, it fails to meet Rule 8's minimal pleading requirements. Fed. R. Civ. P. 8. Specifically, plaintiff fails to "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay*, 230 F.3d at 541).

3

Plaintiff's complaint does not explain what "calendar of motions" it is referring to or what actions defendants took to "delay[]" this calendar. Compl. ¶ 1. Plaintiff's complaint also does not explain how "delay[ing] [a] calendar of motions" would constitute a violation of plaintiff's due process rights. Compl. ¶ 1. The complaint does not render it plausible that defendants took any particular actions, much less actions that harmed plaintiff's constitutional rights. Given the vagueness of plaintiff's allegations, the complaint does not plausibly allege a claim. *See Clifton v. HRA NYC GOVT*, No. 16-cv-01753, 2016 WL 4203486, at *2 (E.D.N.Y. Aug. 9, 2016) (dismissing for failure to allege any "substantive factual allegations" that would "allow each defendant to have a fair understanding of what [the plaintiff] is complaining about"); *see also Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [the] [p]laintiff [was] attempting to allege"). Accordingly, plaintiff's complaint must be dismissed.

## CONCLUSION

Plaintiff's complaint is DISMISSED for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the case's full docket number.

If plaintiff does not file an amended complaint within thirty (30) days, or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment

4

and close the case. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      May 26, 2026
            Brooklyn, New York

5